**DALLAS COUNTY, Texas, Appellant,**

v.

**RISCHON DEVELOPMENT CORPORATION and John Hawkins, Appellees.**

No. 05–06–01025–CV.

Court of Appeals of Texas, Dallas.

Sept. 28, 2007.

Rehearing Overruled Jan. 4, 2008.

---

court's construction and enforcement of an agreement the parties filed with the trial court pursuant to rule 11 of the Texas Rules of Civil Procedure. In its second issue, the County complains about the denial of its motion for leave to file pleadings deemed untimely pursuant to the rule 11 agreement. After examining the record, we conclude the County's first two issues are without merit. We further conclude our resolution of these two issues makes it unnecessary to address the County's remaining issues. Appellees have brought a cross-issue complaining about the trial court's failure to award attorney's fees under sections 17.50 and 27.01 of the Texas Business and Commerce Code. Because the legislature has not waived the County's immunity from suit with respect to these sections, we resolve appellees' cross-issue against them. We affirm the trial court's judgment.

Todd Keith Sellars, Asst. Dist. Atty., Dallas, for appellant.

Jeffrey Robert Sandberg, Shamoun Klatsky Norman, L.L.P., Dallas, for appellees.

Before Justices MORRIS, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a summary judgment ordering that Dallas County, Texas take nothing on its claims against Rischon Development Corporation and John Hawkins and awarding Rischon damages and other relief on its counterclaim. In its first issue, the County challenges the trial

### I.

The County and appellees are adjoining property owners in Grand Prairie, Texas. The County's property is a nature park. Appellees are developers of residential subdivisions. The County filed this lawsuit alleging appellees constructed a retainage slope and placed drainage pipes on its property without authorization. Appellees filed a counterclaim alleging they paid the County for the slope and drainage easements that would permit the construction but the County refused to execute the necessary documents as it promised.

Appellees moved for summary judgment, and a hearing was scheduled for January 23, 2006.[1] The County filed and served its response to appellees' motions. At the same time, the County filed its plea to the jurisdiction and original answer to

---

**1.** The January 23 hearing encompassed appellees' two separate motions for partial summary judgment and a supplement to their second motion for partial summary judgment.

appellees' counterclaim and a first amended petition. The January 23 hearing was postponed while the parties explored settlement.

On February 16, 2006, the parties filed with the trial court a rule 11 agreement. Among other things, the agreement provided that in the event appellees obtained a hearing on the pending summary judgment motions, "such hearing shall be conducted based upon the deadlines for filing and serving documents determined as if the January 23, 2006 hearing was being held as provided by the Texas Rules of Civil Procedure."

The matter did not settle, and appellees scheduled a hearing on their summary judgment motions for March 14, 2006. Appellees then objected to the County's summary judgment response, plea and original answer to counterclaim, and first amended petition. Appellees asserted all of these pleadings were untimely because the County did not serve these documents on appellees until January 18, 2006. Appellees argued that based on the rule 11 agreement, the County's deadline for filing and serving the documents expired January 17, 2006. The trial court agreed and sustained appellees' objections. It also denied the County's March 14 request for leave to consider the late-filed pleadings. The trial court granted summary judgment in appellees' favor, ordering the County take nothing on its claims and awarding appellees $6,834.00 in damages and other relief. The trial court, however, denied appellees' request for attorney's fees. This appeal followed.

## II.

In its first issue, the County contends the trial court erred in construing the rule 11 agreement to preclude consideration of its summary judgment response and other pleadings it served on appellees on January 18 because its deadline to respond was extended to seven days before the March 14 hearing date. We conclude the trial court did not err in so construing the rule 11 agreement.

■ The same rules governing the construction of contracts apply in construing rule 11 agreements. *See Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971). Accordingly, our role is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983).

■ The rule 11 agreement before us expressly provides that the deadlines for filing responses and pleadings would be based upon the original January 23, 2006 hearing date. Thus, the County's response and pleadings were due to be filed and served no later than January 17, 2006. *See* Tex.R. Civ. P. 166a(c). Because the County's pleadings and summary judgment response were not served on appellees until January 18, they were untimely and the trial court, in accordance with the parties' agreement, was not required to consider them at the March 14 hearing.

In support of its position, the County relies on several cases where summary judgment response deadlines have been extended with the postponement of a summary judgment hearing. *See Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 684 (Tex.2002); *Huffine v. Tomball Hosp. Auth.,* 979 S.W.2d 795, 798 (Tex. App.-Houston [14th Dist.] 1998, no pet.); *Brown v. Capital Bank, N.A.,* 703 S.W.2d 231, 233–34 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). None of these cases, however, involves a situation where the parties expressly agreed the filing deadlines would be governed as of a particular date. The County's reliance is therefore misplaced.

■ The County also argues that the deadlines set forth in the rule 11 agreement did not apply after the appellees' initial settlement offer was formally rejected. The County did not raise this argument in the trial court before the March 14 summary judgment hearing and, thus, it is waived. *See* TEX.R.APP. P. 33.1. Absent waiver, however, we would still not agree with the County's contention. Even though the rule 11 agreement was drafted in contemplation of a particular settlement offer, appellees' later amended offer did not vitiate the existing agreement's filing deadline. We resolve the County's first issue against it.

■ In its second issue, the County asserts the trial court erred in denying its motion for leave to file a late summary judgment response and its other pleadings. We review the trial court's ruling on a motion for leave for an abuse of discretion. *Carpenter*, 98 S.W.3d at 686. Generally, the trial court should grant a motion for leave when the nonmovant establishes (1) good cause by showing the failure to timely respond was not intentional or the result of conscious indifference, but the result of accident or mistake and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Id.* at 688.

It is undisputed the County's documents were untimely for the January 23, 2006 hearing. After the January 23 hearing date had passed, however, the parties filed the rule 11 agreement providing that the summary judgment deadlines applicable to the January 23 hearing would control even if the summary judgment hearing was held on a later date. Given the parties' express agreement, we cannot conclude the trial court abused its discretion in denying appellant's motion for leave. We resolve appellant's second issue against it.

During oral argument on appeal, counsel for the County represented to the Court that the County's issues three through eight are dependent upon a favorable ruling by this Court on issues one and two. We agree with the County that our resolution of its first two issues makes it unnecessary to address its remaining issues. Accordingly, we do not analyze the merits of the County's remaining issues and instead turn directly to appellees' cross-issue.

■ In a single cross-issue, appellees complain the trial court erred in failing to award them attorney's fees pursuant to sections 17.50 and 27.01 of the Texas Business and Commerce Code. Appellant responds that the trial court did not err because neither of these sections contain an express waiver of governmental immunity.

It is well-established that a governmental unit is immune from suit unless the immunity is waived by clear and unambiguous legislative consent. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2006); *City of Dallas v. Martin*, 214 S.W.3d 638, 642 (Tex.App.-Dallas 2006, pet. filed). Section 27.01 addressing fraud in real estate and stock transactions provides that any person who violates its provisions shall be liable to the person defrauded for reasonable attorney's fees. TEX. BUS. & COM. CODE ANN. § 27.01(e) (Vernon 200). Appellees contend the legislature's consent to suit under section 27.01 is evidenced by the use of the word "person," which is defined in the Code Construction Act to include a "government or governmental subdivision or agency...." TEX. GOV'T CODE ANN. § 311.005(2) (Vernon 1998).

■ A statute that waives immunity must do so beyond doubt, although it need not be a model of "perfect clarity." *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697–98 (Tex.2003). Moreover,

we generally resolve ambiguities by upholding immunity. *Id.* Statutes requiring the State be joined in a suit where immunity would otherwise attach, or providing an objective limitation on the State's potential liability, indicate an intent to waive immunity. *Id.* After analyzing section 27.01 with these factors in mind, we conclude the legislature did not express a clear and unambiguous waiver of governmental immunity as required by section 311.034 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2006). The statute's use of the word "person" standing alone, even in light of the definition set forth in the Construction Code Act, is insufficient to establish the legislature's consent to suit.

Appellees also assert that they were entitled to attorney's fees pursuant to section 17.50 of the Texas Business and Commerce Code, commonly known as the Deceptive Trade Practices Act. Governmental entities are not included in the DTPA's definition of "person." *See* TEX. BUS. & COM.CODE ANN. § 17.45(3) (Vernon 2002); *Kerrville HRH, Inc. v. City of Kerrville,* 803 S.W.2d 377, 382 (Tex.App.-San Antonio 1990, writ denied). Appellees argue, however, that unlike subsection 17.50(a)(1), (3) and (4), which authorize actions against "persons" for specified practices, subsection 17.50(a)(2) does not limit actions for breach of an express or implied warranty to "persons." Appellees therefore argue this omission compels the conclusion that the legislature has waived governmental immunity for a breach of warranty under the DTPA. Appellees' argument fails for the same reasons articulated above. Simply stated, the omission of the word "person" in subsection 17.50(2) does not constitute a clear and unambiguous waiver of governmental immunity as required by section 311.034 of the Texas Government Code.

Because the legislature has not waived appellant's immunity from suit under sections 27.01 or 17.50 of the Texas Business and Commerce Code, the trial court did not err in refusing to award appellees attorney's fees pursuant to these sections. We resolve appellees' cross-issue against them.

We affirm the trial court's judgment.