In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00034-CV


______________________________




MICHAEL J. FRERICKS, Appellant



V.



DAVID CRAIG PAUP, Appellee




 


On Appeal from the 241st Judicial District Court


 Smith County, Texas


Trial Court No. 05-1353-C




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Pleasant Homes of Tyler, Inc., apparently became an unpleasant operation for three principals
of the business.

 The unpleasantness became public with the original lawsuit filed in Smith County (1) by Billy
Alt, d/b/a Pleasant Homes of Tyler, Inc., against David Craig Paup for breach of contract. Alt
alleged that Paup had purchased a half interest in the corporation, drawn a paycheck, managed a
company facility, and breached his fiduciary duty.

 Paup responded by counterclaiming against Alt and bringing Michael J. Frericks into the
action as a defendant. Paup alleged that he had paid $50,000.00 each to Frericks, Alt, and Pleasant
Homes' operating fund account to purchase a half interest in the corporation. He alleged that he
discovered "cooked" books thereafter and that both Alt and Frericks acted in ways that prevented
him from actually operating the business, while taking all of his investment.

 Paup thereafter filed a traditional and no-evidence motion for summary judgment. The
record reflects that neither Alt nor Frericks responded to this motion, at least before the summary-judgment hearing. That put both of them up against the rules. "Except on leave of court, the adverse
party, not later than seven days prior to the day of [the summary-judgment] hearing may file and
serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). 

 The ensuing sequence of events is important to our disposition of this appeal.

 On December 14, 2007, the trial court granted Paup a summary judgment against both Alt
and Frericks. That judgment, however, neither purports to be final, nor is it final, as it contains no
award of any sort, stating only that Paup prevailed. (2)

 On January 16, 2008, Frericks filed a motion for new trial and for leave to late-file a response
to Paup's motion for summary judgment. The trial court did not rule on the motion.

 On February 1, 2008, the trial court signed what purported to be a final judgment, providing
relief and damage awards. (3)

 On February 28, 2008, Frericks filed an amended motion for new trial and for leave to late-file a response to the motion for summary judgment. The trial court did not enter a ruling on the
amended motion. 

 Finally, on April 30, 2008, a document titled "Final Judgment (Reformed)" was signed by
the trial court. In that judgment, the court edited the previous judgment to clearly specify the amount
of the judgment that prejudgment interest was levied on, to lower the stated interest rate from 7.5
percent to 7.25 percent, and to change the rate of postjudgment interest in the same fashion. Because
these changes were made within the plenary power of the court, see Tex. R. Civ. P. 329b, the April
30 judgment is the true final judgment in this case.

 Only Frericks has appealed. He contends the trial court erred by failing to grant his motion
for new trial and by not allowing him to file a late response to Paup's motion for summary judgment. 
His motion for leave to late-file his response was based on the fact that he had previously been acting
pro se, thus not realizing a response was necessary, and that he further believed the summary
judgment hearing he had not attended was only a meeting among the parties and not a hearing at
which the case might be decided.

 Frericks also asserts on appeal that the trial court's judgment did not dispose of all causes of
action and that the evidence was legally and factually insufficient.

 Paup chose not to file a responsive brief in this appeal.

 Because we conclude that Frericks should have been given leave to late-file his response to
Paup's motion for summary judgment, we reverse the judgment and remand this case to the trial
court to allow and consider such filing and for further proceedings as is deemed appropriate. 

 We review a trial court's ruling on a motion for leave to file a late summary-judgment
response for an abuse of discretion. Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682,
686 (Tex. 2002); Atkins v. Tinning, 865 S.W.2d 533, 535 (Tex. App.--Corpus Christi 1993, writ
denied) (applying abuse of discretion standard). A trial court abuses its discretion when it acts
without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). 

 In Carpenter, the Texas Supreme Court examined this issue at length, concluding that the
purpose of the summary-judgment process was not watered down by giving nonmovants additional
time under certain circumstances.

 [T]he consequences to a party that inadvertently fails to timely respond to a
summary-judgment motion are often similar to those faced by a party that would
otherwise be bound by erroneous or deemed admissions. Each faces the very real
prospect of summary disposition without regard to the underlying merits. The
standard that applies to the withdrawal of admissions fairly balances the parties'
interests  and  furthers  the  policies  our  rules  are  intended  to  serve.  See  Tex.  R.
Civ. P. 1.


Carpenter, 98 S.W.3d at 687-88. Based on that reasoning, a motion for leave to file a late
summary-judgment response should be granted when a litigant establishes good cause for failing to
timely respond by showing that (1) the failure to respond was not intentional or the result of
conscious indifference, but the result of accident or mistake, and (2) allowing the late response will
occasion no undue delay or otherwise injure the party seeking summary judgment. Id. at 688; 
Dallas County v. Rischon Dev. Corp., 242 S.W.3d 90 (Tex. App.--Dallas 2007, pets. denied [2
pets.]).

 In Carpenter, the Texas Supreme Court found no abuse of discretion in denying leave to file
a late response, because the motion to file late did not explain the reason for the failure to timely
respond, nor was it accompanied by any supporting affidavits or other evidence. It asserted only that
the other party would suffer no prejudice if late filing were allowed. Id. at 688. Our case differs.

 In this case, Frericks submitted an affidavit in support of his motion for new trial stating that
his failures to respond or appear at the hearing were not intentional, but occurred because of his
misunderstanding of the nature of a summary judgment proceeding and because of a telephone
conversation he had with Paup's counsel about the hearing. Frericks stated that he thought his
answer was enough to at least set him up to be able to come before the court to state his case, and
that he did not know that he needed to file a response and did not know what the effect of failing to
file one might be. He stated that, when he received the notice of the hearing, he thought it was some
kind of meeting about the case and that,

 upon my receipt of the notice, I realized I could not appear due to business
commitments. Consequently, I contacted counsel for David Craig Paup by telephone
and informed him of such. I understood from that phone call that the "meeting" was
to be cancelled or postponed, due to my inability to attend.

 "Good cause," as an element for allowing a late summary-judgment response, is established
by showing the failure involved (i.e., the failure to timely respond to requests for admissions or to
respond to a summary-judgment motion) was an accident or mistake, not intentional or the result of
conscious indifference. Tex. R. Civ. P. 166a(c); Wheeler v. Green, 157 S.W.3d 439 (Tex. 2005).

 In this case, the affidavit demonstrates Frericks' state of mind. It shows that his failure to
respond to the motion was not intentional or the result of conscious indifference, and also reflects
that his failure was the result of ignorance rather than an intentional disregard of the situation facing
him.

 Frericks could have avoided these problems by seeking legal assistance in the face of the
lawsuit. Doubtless, it would have been much better to file such request and argue it no later than at
the hearing itself. We also recognize that separate rules should not be used for attorneys and for
those who act pro se. See Wheeler, 157 S.W.3d at 443.

 Nevertheless, as applied in Wheeler, we conclude that Frericks met the standards required
to obtain permission to late-file a reply to a motion for summary judgment. Although Frericks did
not state in his affidavit that allowing the late response will occasion no undue delay or otherwise
injure the party seeking summary judgment, his hybrid motion does so state, pointing out that
granting the motion would not result in undue delay or prejudice as Frericks "now has counsel, will
proceed to conclude this case with all deliberate speed, and no injury will be occasioned upon Paup." 
 Further, Frericks' motion for new trial, with attached affidavit explaining his failure to appear
at the summary judgment hearing or to file a response, was filed before a final and appealable
judgment was signed in this case. 

 Because Frericks has placed himself squarely within the reasoning in Wheeler, we conclude
he became entitled to late-file a response to the motion for summary judgment. Because of our
resolution of this issue, we need not address the remaining matters raised by Frericks.


 We reverse the judgment and remand this case to the trial court to allow Frericks to file his
response to Paup's motion for summary judgment, to consider such filing, and to conduct such
further proceedings as are appropriate.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 4, 2008

Date Decided: October 29, 2008
1. This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas
Supreme Court's docket equalization program. We are not aware of any conflict between the
precedent of the Tyler court and the precedent of this Court on any issue relevant in this appeal. See
Tex. R. App. P. 41.3.
2. A judgment is to end a controversy with the highest degree of exact justice humanly
possible; its terms, therefore, must be certain and definite. Disco Mach. of Liberal Co. v. Payton,
900 S.W.2d 71, 73 (Tex. App.--Amarillo 1995, writ denied). In most situations, a decree from
which the particular recovery cannot be ascertained is too vague to constitute a final judgment. In
re Grossnickle, 115 S.W.3d 238, 249 (Tex. App.--Texarkana 2003, no pet.); H.E. Butt Grocery Co.
v. Bay, Inc., 808 S.W.2d 678, 680 (Tex. App.--Corpus Christi 1991, writ denied).
3. Frericks filed a motion for new trial January 16, 2008. It appears from internal dating that
it was mailed January 15, 2008.



#160;                                                                          Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 23, 2005
Date Decided:             December 28, 2005

Do Not Publish