

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00034-CV
_____


MICHAEL J. FRERICKS, Appellant

V.

DAVID CRAIG PAUP, Appellee


On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 05-1353-C


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Pleasant Homes of Tyler, Inc., apparently became an unpleasant operation for three principals of the business.

The unpleasantness became public with the original lawsuit filed in Smith County[1] by Billy Alt, d/b/a Pleasant Homes of Tyler, Inc., against David Craig Paup for breach of contract. Alt alleged that Paup had purchased a half interest in the corporation, drawn a paycheck, managed a company facility, and breached his fiduciary duty.

Paup responded by counterclaiming against Alt and bringing Michael J. Frericks into the action as a defendant. Paup alleged that he had paid $50,000.00 each to Frericks, Alt, and Pleasant Homes' operating fund account to purchase a half interest in the corporation. He alleged that he discovered "cooked" books thereafter and that both Alt and Frericks acted in ways that prevented him from actually operating the business, while taking all of his investment.

Paup thereafter filed a traditional and no-evidence motion for summary judgment. The record reflects that neither Alt nor Frericks responded to this motion, at least before the summary-judgment hearing. That put both of them up against the rules. "Except on leave of court, the adverse party, not later than seven days prior to the day of [the summary-judgment] hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c).

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

The ensuing sequence of events is important to our disposition of this appeal.

On December 14, 2007, the trial court granted Paup a summary judgment against both Alt and Frericks. That judgment, however, neither purports to be final, nor is it final, as it contains no award of any sort, stating only that Paup prevailed.[2]

On January 16, 2008, Frericks filed a motion for new trial and for leave to late-file a response to Paup's motion for summary judgment. The trial court did not rule on the motion.

On February 1, 2008, the trial court signed what purported to be a final judgment, providing relief and damage awards.[3]

On February 28, 2008, Frericks filed an amended motion for new trial and for leave to late-file a response to the motion for summary judgment. The trial court did not enter a ruling on the amended motion.

Finally, on April 30, 2008, a document titled "Final Judgment (Reformed)" was signed by the trial court. In that judgment, the court edited the previous judgment to clearly specify the amount of the judgment that prejudgment interest was levied on, to lower the stated interest rate from 7.5

---

[2]A judgment is to end a controversy with the highest degree of exact justice humanly possible; its terms, therefore, must be certain and definite. *Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 73 (Tex. App.—Amarillo 1995, writ denied). In most situations, a decree from which the particular recovery cannot be ascertained is too vague to constitute a final judgment. *In re Grossnickle*, 115 S.W.3d 238, 249 (Tex. App.—Texarkana 2003, no pet.); *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 680 (Tex. App.—Corpus Christi 1991, writ denied).

[3]Frericks filed a motion for new trial January 16, 2008. It appears from internal dating that it was mailed January 15, 2008.

percent to 7.25 percent, and to change the rate of postjudgment interest in the same fashion. Because these changes were made within the plenary power of the court, *see* TEX. R. CIV. P. 329b, the April 30 judgment is the true final judgment in this case.

Only Frericks has appealed. He contends the trial court erred by failing to grant his motion for new trial and by not allowing him to file a late response to Paup's motion for summary judgment. His motion for leave to late-file his response was based on the fact that he had previously been acting pro se, thus not realizing a response was necessary, and that he further believed the summary judgment hearing he had not attended was only a meeting among the parties and not a hearing at which the case might be decided.

Frericks also asserts on appeal that the trial court's judgment did not dispose of all causes of action and that the evidence was legally and factually insufficient.

Paup chose not to file a responsive brief in this appeal.

Because we conclude that Frericks should have been given leave to late-file his response to Paup's motion for summary judgment, we reverse the judgment and remand this case to the trial court to allow and consider such filing and for further proceedings as is deemed appropriate.

We review a trial court's ruling on a motion for leave to file a late summary-judgment response for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002); *Atkins v. Tinning*, 865 S.W.2d 533, 535 (Tex. App.—Corpus Christi 1993, writ denied) (applying abuse of discretion standard). A trial court abuses its discretion when it acts

4

without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In *Carpenter*, the Texas Supreme Court examined this issue at length, concluding that the purpose of the summary-judgment process was not watered down by giving nonmovants additional time under certain circumstances.

> [T]he consequences to a party that inadvertently fails to timely respond to a summary-judgment motion are often similar to those faced by a party that would otherwise be bound by erroneous or deemed admissions. Each faces the very real prospect of summary disposition without regard to the underlying merits. The standard that applies to the withdrawal of admissions fairly balances the parties' interests and furthers the policies our rules are intended to serve. *See* TEX. R. CIV. P. 1.

*Carpenter*, 98 S.W.3d at 687–88. Based on that reasoning, a motion for leave to file a late summary-judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Id.* at 688; *Dallas County v. Rischon Dev. Corp.*, 242 S.W.3d 90 (Tex. App.—Dallas 2007, pets. denied [2 pets.]).

In *Carpenter*, the Texas Supreme Court found no abuse of discretion in denying leave to file a late response, because the motion to file late did not explain the reason for the failure to timely

respond, nor was it accompanied by any supporting affidavits or other evidence. It asserted only that the other party would suffer no prejudice if late filing were allowed. *Id.* at 688. Our case differs.

In this case, Frericks submitted an affidavit in support of his motion for new trial stating that his failures to respond or appear at the hearing were not intentional, but occurred because of his misunderstanding of the nature of a summary judgment proceeding and because of a telephone conversation he had with Paup's counsel about the hearing. Frericks stated that he thought his answer was enough to at least set him up to be able to come before the court to state his case, and that he did not know that he needed to file a response and did not know what the effect of failing to file one might be. He stated that, when he received the notice of the hearing, he thought it was some kind of meeting about the case and that,

> upon my receipt of the notice, I realized I could not appear due to business commitments. Consequently, I contacted counsel for David Craig Paup by telephone and informed him of such. I understood from that phone call that the "meeting" was to be cancelled or postponed, due to my inability to attend.

"Good cause," as an element for allowing a late summary-judgment response, is established by showing the failure involved (i.e., the failure to timely respond to requests for admissions or to respond to a summary-judgment motion) was an accident or mistake, not intentional or the result of conscious indifference. TEX. R. CIV. P. 166a(c); *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005).

In this case, the affidavit demonstrates Frericks' state of mind. It shows that his failure to respond to the motion was not intentional or the result of conscious indifference, and also reflects

6

that his failure was the result of ignorance rather than an intentional disregard of the situation facing him.

Frericks could have avoided these problems by seeking legal assistance in the face of the lawsuit. Doubtless, it would have been much better to file such request and argue it no later than at the hearing itself. We also recognize that separate rules should not be used for attorneys and for those who act pro se. *See Wheeler*, 157 S.W.3d at 443.

Nevertheless, as applied in *Wheeler*, we conclude that Frericks met the standards required to obtain permission to late-file a reply to a motion for summary judgment. Although Frericks did not state in his affidavit that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment, his hybrid motion does so state, pointing out that granting the motion would not result in undue delay or prejudice as Frericks "now has counsel, will proceed to conclude this case with all deliberate speed, and no injury will be occasioned upon Paup."

Further, Frericks' motion for new trial, with attached affidavit explaining his failure to appear at the summary judgment hearing or to file a response, was filed before a final and appealable judgment was signed in this case.

Because Frericks has placed himself squarely within the reasoning in *Wheeler*, we conclude he became entitled to late-file a response to the motion for summary judgment. Because of our resolution of this issue, we need not address the remaining matters raised by Frericks.

We reverse the judgment and remand this case to the trial court to allow Frericks to file his response to Paup's motion for summary judgment, to consider such filing, and to conduct such further proceedings as are appropriate.

_____
Josh R. Morriss, III
Chief Justice

Date Submitted:    September 4, 2008
Date Decided:      October 29, 2008