In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00082-CR


______________________________




JEFFERY KIRK WHITE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 241st Judicial District Court


Smith County, Texas


Trial Court No. 241-0010-08




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Jeffery Kirk White appeals from his conviction on his open plea of guilty to the first degree
felony offense of injury to a child, with an affirmative finding of use of a deadly weapon. (1) See Tex.
Penal Code Ann. § 22.04 (Vernon Supp. 2008). White was sentenced to life imprisonment and
a fine of $10,000.00. See Tex. Penal Code Ann. § 12.32 (Vernon 2003). White was represented
by different, appointed, counsel at trial and on appeal. 

 White's attorney has filed a brief which discusses the record and reviews the proceedings. 
Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there
are no arguable grounds to be advanced. This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to White on November 12, 2008, informing White of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. White has not filed a
pro se response, nor has he requested an extension of time in which to file such a response.

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the judgment of the trial court. (2)



 Jack Carter

 Justice


Date Submitted: January 28, 2009

Date Decided: February 3, 2009


Do Not Publish


1. This appeal has been transferred to this Court from the Tyler Court of Appeals pursuant to
the Texas Supreme Court's docket equalization program. 
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of White in this case. No substitute
counsel will be appointed. Should White wish to seek further review of this case by the Texas Court
of Criminal Appeals, White must either retain an attorney to file a petition for discretionary review
or White must file a pro se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.


M>, 865 S.W.2d 533, 535 (Tex. App.--Corpus Christi 1993, writ
denied) (applying abuse of discretion standard). A trial court abuses its discretion when it acts
without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). 

 In Carpenter, the Texas Supreme Court examined this issue at length, concluding that the
purpose of the summary-judgment process was not watered down by giving nonmovants additional
time under certain circumstances.

 [T]he consequences to a party that inadvertently fails to timely respond to a
summary-judgment motion are often similar to those faced by a party that would
otherwise be bound by erroneous or deemed admissions. Each faces the very real
prospect of summary disposition without regard to the underlying merits. The
standard that applies to the withdrawal of admissions fairly balances the parties'
interests  and  furthers  the  policies  our  rules  are  intended  to  serve.  See  Tex.  R.
Civ. P. 1.


Carpenter, 98 S.W.3d at 687-88. Based on that reasoning, a motion for leave to file a late
summary-judgment response should be granted when a litigant establishes good cause for failing to
timely respond by showing that (1) the failure to respond was not intentional or the result of
conscious indifference, but the result of accident or mistake, and (2) allowing the late response will
occasion no undue delay or otherwise injure the party seeking summary judgment. Id. at 688; 
Dallas County v. Rischon Dev. Corp., 242 S.W.3d 90 (Tex. App.--Dallas 2007, pets. denied [2
pets.]).

 In Carpenter, the Texas Supreme Court found no abuse of discretion in denying leave to file
a late response, because the motion to file late did not explain the reason for the failure to timely
respond, nor was it accompanied by any supporting affidavits or other evidence. It asserted only that
the other party would suffer no prejudice if late filing were allowed. Id. at 688. Our case differs.

 In this case, Frericks submitted an affidavit in support of his motion for new trial stating that
his failures to respond or appear at the hearing were not intentional, but occurred because of his
misunderstanding of the nature of a summary judgment proceeding and because of a telephone
conversation he had with Paup's counsel about the hearing. Frericks stated that he thought his
answer was enough to at least set him up to be able to come before the court to state his case, and
that he did not know that he needed to file a response and did not know what the effect of failing to
file one might be. He stated that, when he received the notice of the hearing, he thought it was some
kind of meeting about the case and that,

 upon my receipt of the notice, I realized I could not appear due to business
commitments. Consequently, I contacted counsel for David Craig Paup by telephone
and informed him of such. I understood from that phone call that the "meeting" was
to be cancelled or postponed, due to my inability to attend.

 "Good cause," as an element for allowing a late summary-judgment response, is established
by showing the failure involved (i.e., the failure to timely respond to requests for admissions or to
respond to a summary-judgment motion) was an accident or mistake, not intentional or the result of
conscious indifference. Tex. R. Civ. P. 166a(c); Wheeler v. Green, 157 S.W.3d 439 (Tex. 2005).

 In this case, the affidavit demonstrates Frericks' state of mind. It shows that his failure to
respond to the motion was not intentional or the result of conscious indifference, and also reflects
that his failure was the result of ignorance rather than an intentional disregard of the situation facing
him.

 Frericks could have avoided these problems by seeking legal assistance in the face of the
lawsuit. Doubtless, it would have been much better to file such request and argue it no later than at
the hearing itself. We also recognize that separate rules should not be used for attorneys and for
those who act pro se. See Wheeler, 157 S.W.3d at 443.

 Nevertheless, as applied in Wheeler, we conclude that Frericks met the standards required
to obtain permission to late-file a reply to a motion for summary judgment. Although Frericks did
not state in his affidavit that allowing the late response will occasion no undue delay or otherwise
injure the party seeking summary judgment, his hybrid motion does so state, pointing out that
granting the motion would not result in undue delay or prejudice as Frericks "now has counsel, will
proceed to conclude this case with all deliberate speed, and no injury will be occasioned upon Paup." 
 Further, Frericks' motion for new trial, with attached affidavit explaining his failure to appear
at the summary judgment hearing or to file a response, was filed before a final and appealable
judgment was signed in this case. 

 Because Frericks has placed himself squarely within the reasoning in Wheeler, we conclude
he became entitled to late-file a response to the motion for summary judgment. Because of our
resolution of this issue, we need not address the remaining matters raised by Frericks.


 We reverse the judgment and remand this case to the trial court to allow Frericks to file his
response to Paup's motion for summary judgment, to consider such filing, and to conduct such
further proceedings as are appropriate.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 4, 2008

Date Decided: October 29, 2008
1. This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas
Supreme Court's docket equalization program. We are not aware of any conflict between the
precedent of the Tyler court and the precedent of this Court on any issue relevant in this appeal. See
Tex. R. App. P. 41.3.
2. A judgment is to end a controversy with the highest degree of exact justice humanly
possible; its terms, therefore, must be certain and definite. Disco Mach. of Liberal Co. v. Payton,
900 S.W.2d 71, 73 (Tex. App.--Amarillo 1995, writ denied). In most situations, a decree from
which the particular recovery cannot be ascertained is too vague to constitute a final judgment. In
re Grossnickle, 115 S.W.3d 238, 249 (Tex. App.--Texarkana 2003, no pet.); H.E. Butt Grocery Co.
v. Bay, Inc., 808 S.W.2d 678, 680 (Tex. App.--Corpus Christi 1991, writ denied).
3. Frericks filed a motion for new trial January 16, 2008. It appears from internal dating that
it was mailed January 15, 2008.